### MARY J. HOPSON v. A. J. HARRELL ET AL.

1. CHANCERY PLEADING. *Parties to bill. Attorney.*
   It is improper to make the defendant's attorney, against whom no relief, and from whom no discovery, is asked, defendant to a bill in chancery.

2. SAME. *Misjoinder. Who may object.*
   Only the defendant improperly joined can demur for misjoinder.

APPEAL from the Chancery Court of Lincoln County.

Hon. T. Y. BERRY, Chancellor.

A. J. Harrell obtained a decree against W. Hopson and Mary J. Hopson, which directed that unless they should, within thirty days, pay a certain amount of money to the complainant, "or his counsel of record," certain lands should be sold to satisfy the vendor's lien. J. Applewhite was the complainant's counsel of record. One payment was made to Harrell and one to Applewhite, in pursuance of the decree.

The defendants in the decree paid the costs, and tendered the balance due the complainant to D. W. Hurst, who was at that time the complainant's attorney. Hurst refused to receive the money tendered him, for the reason that his client did not recognize the payment made to Applewhite. The land was advertised for sale, and Mary J. Hopson (W. Hopson having died) filed her bill for an injunction against the sale, on the ground that the decree had been satisfied. Applewhite was made a party defendant, but no relief of any kind was prayed against him. Harrell demurred to the bill, because Applewhite had been joined as a defendant. The demurrer was sustained, and the complainant appealed.

*Cassedy & Stockdale*, for the appellant.

Applewhite was properly joined as a defendant. *Butler* v. *Jones*, 7 How. 587; *Hiller* v. *Ivy*, 8 Geo. 431; *Barrow* v. *West*, 23 Pick. 272; *Holmes* v. *Remsen*, 20 Johns. 229; *Hull* v. *Blake*, 13 Mass. 153; *Lowry* v. *McMillan*, 6 Geo. 147.

No counsel for the appellees.

CHALMERS, J., delivered the opinion of the court.

The attorney, Applewhite, was improperly made a defendant. No relief of any sort was prayed against him, — not even a discovery. But he does not object, and it is well settled that it is only the defendant who has been improperly joined that can demur for misjoinder. Story's Eq. Pl., sect. 544; *Cherry* v. *Monro*, 2 Barb. Ch. 618; *Crane* v. *Deming*, 7 Conn. 387; *Butts* v. *Genung*, 5 Paige, 256.

It follows that the demurrer interposed by defendant Harrel was improperly sustained.

Decree reversed, demurrer overruled, and sixty days given for answers.